**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ARTHUR THOMPSON,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-7662** |
| | : | |
| **JUDGE KAREN SPENCER** | : | |
| **MARSTON, *et al.*,** | : | |
| **Defendants.** | : | |

**MEMORANDUM**

**BAYLSON, J.** **NOVEMBER 24, 2026**

In this civil action, Plaintiff Arthur Thompson, a prisoner currently incarcerated at the Curran-Fromhold Correctional Facility, alleges that his rights were violated in connection with two federal criminal proceedings that resulted in his convictions for unlawfully possessing a firearm as a felon, for which he was sentenced to concurrent terms of imprisonment. *See United States v. Thompson*, Crim. A. No. 25-13 (E.D. Pa.) (ECF Nos. 174 & 219); *United States v. Thompson*, Crim. A. No. 25-320 (E.D. Pa.) (ECF Nos. 108 & 154). For the following reasons, the Court will dismiss the Complaint as legally frivolous.

## I. FACTUAL ALLEGATIONS[1]

This is the eighth civil action Thompson has filed in this Court claiming that his prosecutions for weapons violations violate his constitutional rights because his religion

---

[1] In determining whether the Complaint states a claim, the Court considers Thompson's allegations, exhibits attached to the Complaint, and matters of public record. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014). The Court adopts the pagination supplied by the CM/ECF docketing system.

allegedly requires him to carry weapons.[2] In this version of his claims, Thompson alleges that the Honorable Karen Spencer Marston, the District Judge who presided over his federal criminal cases, permitted his "vindictive prosecution" and violated his rights, her oath of office, and several federal criminal statutes when she would not permit him to argue to the jury that his prosecution was unconstitutional. (Compl. at 4-6 (citing 18 U.S.C. §§ 241, 242, 245 and 247); *see also id.* at 15-17.) He accordingly claims he did not receive a fair trial, leading to his unlawful conviction. (*Id.* at 6.) Thompson also claims that Judge Marston "knowingly committ[ed] a crime" when she denied his motion for a downward departure and sentenced him to 151 months of incarceration. (*Id.* at 7, 8; *see also id.* at 19-24.) Judge Marston also allegedly "disregarded [his] objection to [the] pre-sentence investigation," which Thompson believes is "proof" of a conspiracy to violate his rights in violation of federal criminal statutes. (*Id.* at 7-8 (citing 18 U.S.C. §§ 241, 242, 245 and 247); *see also id.* at 11-14.)

Following his sentencing, Thompson filed this lawsuit against the United States of America; Judge Marston; United States Attorney for the Eastern District of Pennsylvania David Metcalf; the Assistant United States Attorneys who prosecuted the cases against him, Robert Eckert and Samantha Arena (incorrectly spelled Samantha Arenas); and Ms. Gaydos, an employee of the Probation Office. (*Id.* at 1.) He purports to bring his constitutional claims

---

[2] *See Thompson v. Fed. Bureau of Investigation*, No. 25-1095 (E.D. Pa.); *Thompson v. Fed. Bureau of Investigation*, No. 25-2274 (E.D. Pa.); *Thompson v. Commonwealth of Pa.*, No. 25-2780 (E.D. Pa.); *Thompson v. F.B.I.*, No. 25-4510 (E.D. Pa.); *Thompson v. All Parties Involved in the Arrest and Prosecution of Arthur Thompson and all Others Similarly Situated*, No. 25-5665 (E.D. Pa.); *Thompson v. Johnson*, Civ. A. No. 25-5818 (E.D. Pa.); *Thompson v. United States of America*, No. 26-2748 (E.D. Pa.). Thompson also unsuccessfully raised this argument as a defense to his prosecution as a felon in possession. *See United States v. Thompson*, No. 25-13, 2025 WL 1689390, at *6 (E.D. Pa. June 16, 2025) ("Thompson has not shown that his prosecution under § 922(g)(1) for possession of a firearm as a convicted felon substantially burdens his religious belief that he must carry arms during prayer.").

pursuant to 42 U.S.C. § 1983 and also invokes the federal criminal code as a basis for his claims. (*Id.* at 1, 6, 7.) As relief, Thompson seeks, *inter alia*, $50 million for "being prosecuted for exercising his constitutional rights," "immediate release from unlawful confinement," vacatur of his convictions, and "a full investigation by the F.B.I. and federal prosecution" for the alleged violations of 18 U.S.C. §§ 241, 242, 245, and 247. (*Id.* at 9-10.)

## II. STANDARD OF REVIEW

The Court will grant Thompson leave to proceed *in forma pauperis* because it appears he cannot afford to pay the fees to commence this civil action.[3] Since Thompson is proceeding *in forma pauperis*, the Court must review his Complaint and dismiss any claims that are frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is subject to dismissal as frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). It is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995) (citations omitted), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

## III. DISCUSSION

Thompson's claims are legally baseless for numerous reasons. First, Thompson cites 18 U.S.C. §§ 241, 242, 245 and 247 as a basis for his lawsuit but as he has been told before, *Thompson v. Fed. Bureau of Investigation* ("*Thompson I*"), No. 25-1095, 2025 WL 834747, at *2 (E.D. Pa. Mar. 17, 2025); *Thompson v. F.B.I.* ("*Thompson II*"), No. 25-4510, 2025 WL 3009341, at *3 (E.D. Pa. Oct. 27, 2025), *Thompson v. United States* ("*Thompson III*"), No. 26-2748, 2026

[3] However, since Thompson is a prisoner, he will be required to pay the fee in installments pursuant to 28 U.S.C. § 1915(b).

WL 1417726, at *2 (E.D. Pa. May 20, 2026), these criminal statutes do not give rise to a civil cause of action, *see Cent. Bank of Dover, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone[.]" (citation omitted)); *Colon-Montanez v. Pa. Healthcare Serv. Staffs*, 530 F. App'x 115, 118 (3d Cir. 2013) (*per curiam*) ("[T]hese criminal statutes [18 U.S.C. §§ 241 and 242] provide no private right of action for use by a litigant such as Colon–Montanez."); *Wilson-Johnson v. Walker*, No. 18-1076, 2018 WL 1641223, at *2 (E.D. Pa. Apr. 4, 2018) (concluding that §§ 241, 242, 245, and 247 "do not provide a basis for civil liability").

Second, Thompson's requests for a criminal investigation and the initiation of criminal charges, as he has also been previously told, *Thompson I*, 2025 WL 834747, at *3; *Thompson II*, No. 25-4510, 2025 WL 3009341, at *3; *Thompson III*, 2026 WL 1417726, at *2, have no place in a civil lawsuit and is not the type of relief this Court can order, *see Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973) (explaining that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Smith v. Friel*, No. 19-943, 2019 WL 3025239, at *4 (M.D. Pa. June 4, 2019) ("[A] civil rights plaintiff may not seek relief in civil litigation in the form of an order directing the criminal prosecution of some third parties." (citations omitted)), *report and recommendation adopted*, 2019 WL 3003380 (M.D. Pa. July 10, 2019).

Third, § 1983 only applies to state actors, *see West v. Atkins*, 487 U.S. 42, 48 (1988), and there is no nonfrivolous basis for damages claims against the United States or its employees for the type of constitutional violations Thompson asserts, *see Thompson I*, 2025 WL 834747, at *3 (concluding that Thompson "has not alleged any legal basis" for a claim against the FBI based on his prosecution); *Thompson II*, 2025 WL 3009341, at *4 (explaining to Thompson that any

claims under *Bivens*, "which provides a damages remedy against federal officers in extremely limited circumstances . . . must be dismissed as legally frivolous" because "*Bivens* does not permit a remedy against the United States or its agencies"); *Thompson III*, 2026 WL 1417726, at *2 ("[T]here is no nonfrivolous basis for damages claims against the United States for the type of constitutional violations Thompson claims." (citing *Thompson I* and *Thompson II*)); *see also Xi v. Haugen*, 68 F.4th 824, 836-37 (3d Cir. 2023) (rejecting extension of *Bivens* into realm of malicious prosecution claims).

Fourth, Thompson may only challenge his convictions and sentence in federal court through the appellate process[4] or, thereafter, through a motion pursuant to 28 U.S.C. § 2255. *See Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) (explaining, as to a plaintiff's "collateral attack on his conviction[,] . . . that he may not do that in a civil suit, other than a suit under the habeas corpus statute or its federal-defendant equivalent, 28 U.S.C. § 2255"); *Hilario v. Schmehl*, No. 20-1064, 2020 WL 6275003, at *3 (E.D. Pa. Oct. 26, 2020) (holding that a plaintiff could not use a civil rights lawsuit to challenge his federal conviction in lieu of a § 2255 motion). And while his criminal judgment is intact, he is precluded from proceeding on any damages claims—assuming the existence of a remedy for such claims—in a federal civil rights action. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) ("To recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" (footnote and citation

[4] Thompson's appeals of his convictions are currently pending.

omitted)); *Lora-Pena v. F.B.I.*, 529 F.3d 503, 506 n.2 (3d Cir. 2008) (recognizing that the principles in *Heck* extend to claims challenging federal convictions and sentences that remain intact).

Fifth, even if a damages remedy existed for Thompson's claims, his claims against Judge Marston and the United States Attorneys based on the decisions they made in handling and pursuing Thompson's federal prosecutions, respectively, are barred by principles of judicial and prosecutorial immunity.[5] *See Thompson I*, 2025 WL 834747, at *4-5 (dismissing Thompson's civil rights claims against judges and prosecutors based on immunity principles); *Thompson III*, 2026 WL 1417726, at *3 (E.D. Pa. May 20, 2026) (citing *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978), which established that Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction, and *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976), which established that prosecutors are entitled to absolute immunity from damages under § 1983 for prosecuting claims on behalf of the State); *see also Van de Kamp v. Goldstein*, 555 U.S. 335, 348-49 (2009) (extending prosecutorial immunity to supervisory prosecutors). Similarly, an employee of the United States Probation Office is entitled to quasi-judicial immunity when researching and preparing a pre-sentence report. *Freeman v. Lincalis*, 158 F.4th 166, 179 n.60 (3d Cir. 2025) ("[T]he USPO *would* be entitled to quasi-judicial immunity for any errors that occurred in researching and drafting Freeman's original PSR." (citing *Dorman v. Higgins*, 821 F.2d 133, 138 (2d Cir. 1987)); (*see also* Compl. at 13 (stating, in Thompson's

---

[5] Thompson appears to argue that judicial immunity would not apply in this case because Judge Marson allegedly violated her oath of office and committed crimes when handling his criminal prosecution. (Compl. at 3.) These arguments, too, are frivolous.

objection to the pre-sentence report, that officers of the probation office violated his rights "by preparing a PSR and giving sentencing options")).

Sixth, Thompson has not pled any plausible basis for a conspiracy. As he has previously been told, a plaintiff alleging an unconstitutional conspiracy "must assert facts from which a conspiratorial agreement can be inferred," and cannot rely upon "bare assertion[s] of conspiracy" or "allegations of judicial error, ex parte communications (the manner of occurrence and substance of which are not alleged) or adverse rulings" to state a claim. *Thompson I*, 2025 WL 834747, at *3 (first quoting *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010); then quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); then quoting *Capogrosso v. The Supreme Ct. of N.J.*, 588 F.3d 180, 185 (3d Cir. 2009)). Thompson's allegations of conspiracy are entirely conclusory and speculative. Further, he has not alleged any particular conduct by Defendants Metcalf, Eckert, Arenas, and Gaydos, which is fatal to any conspiracy or other civil rights claims against them. *See generally Jutrowski v. Township of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018) (explaining that each government official defendant is liable only for his or her own conduct).

## IV. CONCLUSION

In sum, there is no legal basis for Thompson's civil lawsuit challenging his federal prosecutions, convictions, and sentence. Accordingly, the Court will dismiss this case as legally frivolous. Thompson should note that repeatedly pursuing meritless claims could affect his ability to access the Courts in the future. *See* 28 U.S.C. § 1915(g) (limiting prisoners' ability to seek leave to proceed *in forma pauperis* if they have previously filed three frivolous cases while incarcerated); *see also Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993) (explaining that a district court may enjoin "abusive, groundless, and vexatious litigation" (citation omitted)).

An appropriate Order follows, which dismisses this case. *See* Fed. R. Civ. P. 58(a).

**BY THE COURT:**

**/s/ Michael M. Baylson**

**MICHAEL M. BAYLSON**
**United States District Judge**

\\adu.dcn\paed\PHL-DATA\Judge_Baylson\CIVIL 26\26-7662 Thompson v Marston\26-7662 Thompson - Memo Dismissing Complaint Based on Prosecution.docx